UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RUBY JUSTICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-286-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 22, 2015, Wolodymyr Cybriwsky, counsel for Plaintiff Ruby Justice, filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Record No. 20] Specifically, he requests fees billed at a rate of $150.00 an hour for 53 hours of work, resulting in a total fee request of $7,950.00 and costs of $183.31. [*Id.*] After reviewing the motion and supporting documentation, the Court will base its award for work performed at an hourly rate of $125.00, an amount which is consistent with awards in similar cases, and will only award attorney's fees for time reasonably billed. Therefore, the motion will be granted, in part, and denied, in part, as outlined below.

On July 17, 2014, the plaintiff filed a Complaint seeking review of the Commissioner's decision denying her claims for benefits under the Social Security Act. [Record No. 4] Ultimately, the Court reversed and remanded the Commissioner's administrative decision under sentence four of 42 U.S.C. § 405(g). [Record Nos. 18, 19] With respect to the current motion, the plaintiff's attorney acknowledges that the statutory

-1-

rate is $125.00 per hour; however, he contends that when the applicable cost of living statistics are considered, the hourly rate should be increased to $150.00.  [Record No. 20]

As a prevailing party, Justice is entitled to attorney's fees under § 2412(d).  The EAJA departs from the general rule that each party to a lawsuit pays his or her own legal fees.  *Howard v. Barnhart,* 376 F.3d 551 (6th Cir. 2004).  Section 2412(d) of the EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified.  A Social Security claimant who, like Justice, obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of the EAJA, regardless of the outcome of the remand.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).  Moreover, the defendant implicitly concedes that its position was not substantially justified.  *See United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001) (government has the burden under the EAJA to show that its position was substantially justified).  However, the Commissioner properly disputes Cybriwsky's requested hourly rate and the number of hours billed.

### 1.    Hourly Rate

This Court maintains a duty to ensure that an award of attorney's fees under the EAJA is reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."  *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (internal citation omitted).  The EAJA sets a ceiling for attorney's fees of $125 per hour, which may be adjusted for cost of living increases or a "special factor."  28 U.S.C. § 2412(d)(2)(A).  To justify an award above this statutory cap, a plaintiff must show that the "prevailing market

-2-

rate" in the relevant legal community has exceeded the cap. *Bryant v. Commissioner of Social Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). This showing requires the plaintiff to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citation omitted). Absent this showing, the district court need not consider whether the cost of living may have increased since the EAJA became law. *Id.*

Here, counsel for the plaintiff acknowledges that "past E.A.J.A. awards here in the Eastern District of Kentucky generally have not been in excess of the $125.00 base rate." [Record No. 20-1, p. 2] Regardless, he requests an hourly rate of $150.00. In support of this request, counsel submits the June 20, 2003, Affidavit of Attorney Alvin D. Wax in which Wax states that his customary fee for social security cases is between $150.00 and $200.00. [Record No. 20-2] The plaintiff has also provided two of Wax's fee awards. [*Id.*] The first is an order issued by United States District Judge Joseph Hood in 2003, awarding Wax $144.20 per hour. However, Judge Hood specifically found this rate appropriate because the case required special expertise in an evolving area of law. The second fee award is an incomplete Report and Recommendation from the United States District Court for the Western District of Kentucky. [*Id.*] The Court cannot consider this document because portions of it are missing.

This scant evidence does not suffice to meet the plaintiff's burden of demonstrating that the prevailing market rate in the Eastern District of Kentucky exceeds the statutory cap. The plaintiff's attorney has not offered any recent decisions from this Court awarding fees

-3-

above the statutory cap.  Likewise, he has failed to show that this case involved a novel issue or otherwise required special expertise.  In fact, the plaintiff's attorney has submitted the exact same proof in numerous cases, and this Court has repeatedly found it to be insufficient. *See, i.e., Hall v. Colvin*, 2015 U.S. Dist. LEXIS 46225 (E.D. Ky. Apr. 9, 2015); *Lay v. Astrue*, 2012 U.S. Dist. LEXIS 169501 (E.D. Ky. Nov. 29, 2012); *Kalar v. Astrue*, 2012 U.S. Dist. LEXIS 97559, *1-2 (E.D. Ky. July 13, 2012).  The exhibits the plaintiff's attorney has submitted do not meet the burden of justifying his request for reimbursement at $150.00 per hour.  Because he has not shown that the prevailing market rate exceeds the statutory cap, the Court need not address the cost of living arguments.  Accordingly, the fee award will be based on an hourly rate of $125.00.  *Id.*

### 2.    Hours Billed

The Court now turns to the number of hours claimed by the plaintiff's counsel.  Under the EAJA, attorneys will not receive compensation for hours "that were not reasonably expended." *Hensley*, 461 U.S. at 434.  This requires the Court to cull hours that would be unreasonable for an attorney to bill his client and thus equally unreasonable to bill the Commissioner.  *Id.*  It is the fee-applicant's burden to establish that the hours for which he seeks compensation were reasonably expended.  *Id.* at 437.  To meet this burden, he must present sufficiently clear billing records.  Hours that are "excessive, redundant, or otherwise unnecessary" will be stricken.  *Id.*  The defendant objects to several of the requested hours as improper billing for clerical work, travel time, and expenses relating to Cybriwsky's inability to meet Court-imposed deadlines.  [Record No. 21]

As the defendant correctly notes, purely clerical tasks are not compensable under the EAJA.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  In the present case, the plaintiff has billed for several clerical activities, including: receiving and preparing summons, preparing and filing proof of service, faxing documents, and scheduling hearing dates.  [Record No. 20-1, pp. 6-9]  These tasks are not compensable, regardless of who performs them.  Therefore, a total of 1.0 hour will be subtracted from the plaintiff's requested time for the clerical activities billed on the following dates: 07/07/14, 07/17/14, 07/29/14, 11/08/14, and 02/09/15.  [*Id.*]

Next, the Commissioner contends that the plaintiff's request for fees for specific tasks appears to be unreasonable, given the hours claimed for this work.  In particular, Cybriwsky indicates that he spent .75 hours "Filing [Justice's] Motion for IFP […] and service Documents with appropriate orders"; .8 hours on the "Electronic receipt of USDC Case Briefing Schedule with attached documents"; 12.00 hours reviewing the administrative transcript; and 1.00 hour on the "Electronic Receipt of USDC Order denying Plaintiff's Motion to Leave for Excess Pages, Denying Summary Judgment Motion and scheduling Motion Hearing on Extension of Time."  [Record No. 20-1, pp. 7-8]  Because these billed hours are unreasonable in relation to the work performed, the Court will reduce the fee award by 8.25 hours to reflect the amount of time reasonably attributable to counsel's activities.  The Court will not reduce the fee award for activities that involved communication with the plaintiff and are neither clerical nor excessive.

Finally, and most troublingly, Cybriwsky billed 8.5 hours and $134.31 in travel costs for his appearance at the hearing held on December 17, 2014.  [Record No. 20-1, p. 8]  In

anticipation of the hearing, the Court advised counsel to be prepared to address "his inability to meet Court-imposed deadlines."  [Record No. 14]  The time spent parsing Cybriwsky's dilatory habits is not time reasonably expended in furtherance of his client's interests.  A Court may properly reduce the amount of fees awarded, or even deny the award, if the prevailing party engages in conduct that unreasonably protracted the final resolution of the matter.  *See* 28 U.S.C. § 2412(d)(1)(C).  Accordingly, these hours will not be included in the attorney's fees award.

The Court has conducted an independent review of the materials submitted by counsel and the record in general.  Based on this review, the Court concludes that counsel reasonably expended 35.25 hours under the statute.  Accordingly, based on the reduction of the hourly rate to $125.00 per hour, it is hereby

**ORDERED** as follows:

1.     The motion for fees and costs under the Equal Access to Justice Act [Record No. 20] is **GRANTED**, in part, and **DENIED**, in part.

2.     The plaintiff is awarded $4,406.25 in attorney's fees and $49.00 in costs under the Equal Access to Justice Act.  28 U.S.C. § 2412(d).

This 27th day of July, 2015.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge